OPINION
Defendant-appellant, Brian A. Johnson, appeals from the September 7, 2000 decision and entry denying his motion to withdraw his guilty plea, and the September 15, 2000 judgment entry sentencing him to consecutive four year sentences on two counts of child endangering. For the following reasons, we affirm the judgment of the trial court.
Appellant was indicted on August 29, 1999, on one count of felonious assault and one count of child endangering. The charges arose out of an incident on May 5, 1999, when appellant's sixteen-month-old stepson, lapsed into a coma. Children's Hospital physicians diagnosed the child as suffering from lung and pancreas damage, a laceration to his liver, retinal hemorrhages, and a subdural hematoma on the right side of his brain. Appellant indicated the child had fallen from the rear door of the home, about a seven-inch drop. The doctors at Children's Hospital said that the child's injuries could not have been caused by a fall of that distance; rather, blunt force trauma and blunt force abdominal trauma possibly caused by a punch from an adult hand or fist caused the child's injuries. Appellant was the only person with access to the child based on the timing of the injuries and when the child lapsed into a coma.
The case was continued numerous times until June 29, 2000, when appellant entered a guilty plea to two counts of child endangering. At that proceeding, the trial court inquired of appellant as follows:
THE COURT: What did you do to this baby?
THE DEFENDANT: Nothing.
THE COURT: Nothing?
THE DEFENDANT: No, sir.
 THE COURT: So you shouldn't be entering this plea of guilty.
 THE DEFENDANT: The reason why we entered a plea, basically, I discussed with my lawyer because of the doctor, you know, just the fear what would happen if I did go to trial and lose, you know, the maximum sentence. We just had to negotiate on that part basically. [June 29, 2000 Tr. at 17.]
The trial court ordered a presentence investigation and set the matter for sentencing. On July 28, 2000, prior to sentencing, appellant filed a motion to withdraw his guilty plea. In his motion, appellant stated that he wanted to withdraw his plea from the moment he entered it, "based on the fact that he is innocent and wants the opportunity to look into the eyes of jurors and tell them that he is innocent." (Motion to Withdraw Memorandum in Support at 2.) Appellant also stated that he had a meritorious defense in that a few months before the date of his injuries, the baby had been evaluated for epilepsy and had exhibited a history of seizures.
The trial court conducted a hearing on the motion to withdraw the guilty plea on September 1, 2000. At the hearing, the trial court indicated that it was satisfied that it had advised appellant of all his rights at the time he entered the plea, and that appellant voluntarily waived those rights. The trial court stated that it would take the matter under advisement in order to study the case law governing the withdrawal of guilty pleas.On September 7, 2000, the trial court denied the motion in a written decision and entry. The trial court stated that appellant had been provided sound legal representation, that appellant had no complaints regarding his counsel, that the trial court did not participate in any negotiations regarding the plea, that Crim.R. 11 was fully followed, that appellant voluntarily and intelligently waived his constitutional rights, that his waiver was intelligent and voluntary, and that "very little evidence was presented that would shed light on Defendant's wish to withdraw his guilty plea." (Decision and Entry of Sept. 7, 2000.) The trial court set a new sentencing date of September 15, 2000.
On September 15, 2000, the trial court sentenced appellant to two consecutive four-year terms of imprisonment. This appeal followed, with appellant assigning as error the following:
ASSIGNMENT OF ERROR ONE
 The trial court committed reversible error and deprived defendant-appellant of due process by using the wrong legal standard in determining that the defendant-appellant was not allowed to withdraw his guilty plea prior to sentencing.
 ASSIGNMENT OF ERROR TWO The trial court committed reversible error and deprived defendant-appellant of due process of law by not granting defendant-appellant's motion to withdraw his guilty plea prior to sentencing due to the trial court's failure to recognize the defendant's Alford plea at the time the original guilty plea was taken and the trial court's failure to reconcile the Alford plea with the facts and law of the case, as well as the court's subsequent failure to advise the defendant that probation was highly unlikely, if not impossible, due to the defendant's obvious (and logical) lack of remorse.
In his first assignment of error, appellant argues the trial court used an abuse of discretion standard rather than the "freely and liberally granted" standard for determining a motion to withdraw a plea of guilty. Appellant argues that the trial court failed to mention the "freely and liberally granted" standard in its decision and entry and, therefore, the decision must be reversed.
The Ohio Supreme Court has held that a defendant does not have an absolute right to withdraw a guilty plea before sentencing. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In addition, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. In Xie, the court further stated at 527:
 * * * We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. * * *
Ultimately, the court held that the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea.
In the instant case, we are persuaded the trial court applied the correct legal standard in deciding the presentence motion to withdraw a guilty plea. At the hearing on the motion, the trial court acknowledged, "I'm faced with case law that says it's supposed to be freely allowed to withdraw guilty pleas." In addition, the trial court took the matter under advisement in order to study the case law, and in its decision and entry, the trial court cited Xie, supra. The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues the trial court erred in not granting the motion to withdraw his guilty plea because appellant entered an Alford plea, and the trial court did not insure that appellant had a full understanding of what rights he was waiving. Appellant contends that failing to recognize an Alford plea at the time of the taking of the plea should be reason itself to allow a defendant to withdraw a guilty plea. Appellant also argues that the trial court should have informed appellant that an Alford plea could affect his ability to be placed on probation.
Although not denominated as such, it is apparent from the record that appellant entered what is known as an Alford plea. In North Carolina v. Alford (1970), 400 U.S. 25, the United States Supreme Court held that an accused may deny participation in the acts constituting the crime alleged yet enter a plea of guilty to the crime charged. One may enter a plea in such circumstances because he calculates that his interest is better served thereby than by going to trial.
In State v. Padgett (1990), 67 Ohio App.3d 332, 338, the Second District Court of Appeals stated:
 * * * Where the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence * * *[.]
Here, immediately after stating that he did "nothing" to his stepchild, appellant stated that he was pleading guilty to avoid the consequences of a trial. In addition, the trial court fully complied with Crim.R. 11 in accepting appellant's plea.
In State v. Holloway (Sept. 28, 2000), Franklin App. No. 99AP-1455, unreported, this court stated:
 * * * The trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea where: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing before he entered his plea; (3) the accused is given a hearing on the motion to withdraw; and (4) the record demonstrates that the court fairly considered the motion to withdraw. * * *
Here, the trial court afforded appellant a hearing in which to determine whether there was a "reasonable and legitimate basis" for the withdrawal of the plea. The trial court made findings that appellant was represented by competent counsel and, at the time of his plea, voluntarily and intelligently waived his constitutional rights. The trial court also found "very little evidence" as to any reasonable and legitimate basis for appellant's desire to withdraw his plea. The second assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ______________________ LAZARUS, J.
BOWMAN and BROWN, JJ., concur.